or arguments are 10 minutes for each defendant 30 minutes for plaintiff mr. Stephan Milner for Benjamin Robinson morning mr. Milner morning your honor please the court mr. Grant co-counsel first of all I'd like to reserve two minutes for rebuttal thank you your honors we have two issues we'd like the court to consider today the first is the application of the guideline section 5k 2.21 which basically is an enhancement that can be placed on a sentencing guideline in the case of a death in this particular case mr. Robinson pled to one count he pled to account of distributing a controlled substance which resulted in a serious injury the initial precincts report basically indicated that there was no reason to depart from the guideline range the guideline range was in fact mandatory minimum of 240 months to life the United States nor the defendant made any objection or complaint to the original preliminary was there an obligation to raise that then raise a complaint about it at any certain point is that you don't have a point about that do you know just everybody seem to be satisfied Frank that's when I want to make the second precincts report was made after the time to object to precincts reports and basically the probation office changed their report to indicate that there could be an enhancement for a death if one resulted in fact that count was in fact originally indicted against mr. Robinson but it was later dismissed we believe that that upper departure that the court ultimately made in this case should not have been done rather than the 240 month minimum sentence which was initially recommended by the United States judge Reeves sentenced to mr. Robinson to 262 months an additional 22 months we think that the logic set out in the and I don't know whether I pronounce this correct but us versus the Supreme Court is I read that case determined that any enhancement to a statutorily set out a sentence range must be either pled to or in fact had to be proven beyond a reasonable doubt to jury guidelines case the case you cite does it construe the guidelines yes it did in fact it was more of an elements case that the elements have to be proved beyond a reasonable doubt I'm sorry I misunderstood you're right that's the argument the government makes is it not in there in its brief the government says hey if that case doesn't apply because it was premised on elements rather than a guidelines issue that is correct what do you say to that argument well it's what judge griffins I think I think that if if you follow the logic in this case that says that is I read it that this has to be either pled to an offense has to be pled to or it has to be proven to a jury I think that ought to apply to any enhancement including an enhancement that is done within the government courts interpreted the ponderance of evidence standard to apply to guidelines calculation as opposed to beyond a reasonable doubt they do in fact and I think that that lesser standard not apply in this case your honor I'm asking frankly the court to change the law I think this guy we can't change the Supreme Court law can we much as we'd like to sometimes anyway well in any event I think that that same logical to apply here I don't think the trial court should be allowed to go beyond the standards that are set out in that case the second issue that we want to bring the court's attention there was restitution ordered by the sentencing court in this matter restitution for funeral expenses for a gentleman who indictment did have a count where Mr. Robinson was charged with a death that resulted from distribution of controlled substances in this particular case that was dismissed that counts dismissed but the facts of this also leads us to believe that this is an improper imposition of restitution the detective testified at the sentencing hearing that a female purchase a substance from Mr. Robinson and that she in turn gave it to another male who in turn gave it to Mr. Cory Baker who ultimately died from an overdose she was not present as I understood the testimony of the of the detective when Mr. Baker ingested this so I think that we don't have a for lack of a better term a chain of evidence here with this substance she was apparently undisputed I mean it was part of a plea wasn't it well the part of the plea was that he he in fact engaged in the and in this case we don't know what happened between the time that this substance was transferred from Mr. Robinson to this lady who then transferred it to another man who then gave it to Mr. Baker but the argument or brewer brewer I'm sorry I can't read my writing but your argument concerns them how much how much do the funeral I mean do we have a exactly good and it's a joint several is your client likely to pay that does he have some means or well he has no means whatsoever he's a 21 year old man when this thing occurred he's looking at over 20 years of service but I still think that that's improper because there was no as I can see undisputed chain probably his funeral expenses the least of his problems though I'm sorry sir this 4100 is probably the least of your clients problems absolutely there's no question about it and I don't think he's lost a minute sleepover to be candid but I felt obliged to raise you might have can you cite any case that directly supports your proposition that it's too indirect to be proper no your honor you well we'd like to think that the facts would dictate the result we're asking basically asking court to remand this matter for resentencing and also to please the court he was Matthew Robinson on behalf of various Westbury Mr. Westbury's case is a little bit different although it involves the same circumstances Mr. Westbury as this court knows his brief actually thank you I would also like to reserve two minutes for rebuttal Mr. Westbury pled guilty to the distribution of heroin and fentanyl the use of which resulted in the death of CB as noted in my briefs he entered that plea based upon his attorney's advice that there was no defense that existed to the to the the cause of death allegation apparently there were some toxicology reports the government's evidence indicated that the cause of death probably resulted from the heroin that he had distributed Mr. Westbury is never denied distributing heroin and in fact when he moved to withdraw his plea agreement it was on the basis of the cause of death determination and as judge Griffin pointed out the barrage case makes pretty clear that this is an element the cause of death to that crime and and so in moving to withdraw Mr. Mr. Westbury is one asserting he's innocent to he's asserting that his counsel's representation was deficient and this is his words in a declaration that he filed with the court along with the motion to withdraw and he says that his counsel's advice was deficient because counsel failed to investigate the cause of death determination despite his request and also underlying that never really came out on the record is pretty clear that he was never advised that this the cause of death was an element of his offense which could explain his is it as you've read in the brief in the materials which could explain his belief that he was going to get a hearing at the sentencing on the cause of death determination like it was a guideline issue but it wasn't an element that he admitted during the plea hearing but he admitted that based upon counsel's advice that there was no defense to the cause of death determination you know what what what defense would counsel had ought the counsel have well for one had teed up yes for the that didn't come for about a hundred and sixteen days later and that's one of the reasons that judge denied that this motion but the defense came in the form of an email and letter from dr. Stephen Fleming to mr. Westbury second counsel who sought the medical opinion that mr. Westbury had been looking for and that opinion from mr. Fleming indicated that there were other substances and in CB's blood that there were other potential causes to the death other than just the conclusion that it was based upon the heroin and fentanyl that was was distributed and because the report confirmed the presence of the fentanyl and heroin certainly it's a double-edged sword your honor and and the fact is that that it was there there's no way to deny it but the report also confirmed that it was or that there was a potential defense and now it doesn't show that he's innocent of it I'm not sure that shows a defense does it well I think it does because the defense well first of all in terms of the defense we had the burden is not to demonstrate that the defense would be successful but in mr. Westbury's mind he was not gonna please don't care so much about that do we in his mind I think we do because it's based upon counsel's failure to advise him appropriately if counsel had had taken these steps and provided an independent report as mr. Westbury had stated never okay what he would have never pleaded guilty and and I understand the the problem that your honor is is seen here because you see that well is it a legitimate defense would he be successful in raising that defense well we don't really know I mean that the confirming the presence of these drugs doesn't necessarily mean that the the victim in this case died as a sole cause of the fentanyl and the hair I think it goes to the second prong of ineffective assistance as the prejudice well I would dispute that when I come up I will cite the Supreme Court case it talks about that but in terms of withdrawing a plea and ineffective assistance a council with respect to defense these things work together and and the Lafleur and Frey decisions you know you know work to demonstrate that this is not a situation where you need to prove that he would have been successful instead we need to prove that but for counsel's failure to investigate and provide him with this advice he would have never entered the plea agreement or the result of the plea proceedings would have been different so I respect and understand completely your position but I believe that is also a question I'm sorry you're thank you so with that we would argue that you know in essence and I want to get back to one thing that the government brought up and it's in its brief first of all this arguing ineffective assistance a council is something that this court can consider at this time I understand generally that's not something that's brought up and and frankly I don't see the words ineffective assistance or counsel in the record brought up anywhere but I see deficient counsel and I see the use of those word Mike my counsel's performance was deficient telling the judge this and explaining to the judge had my attorney done sir taken certain steps then mr. Westbury tried to convey that he would not have pled that guilty or entered that plea agreement and I think that because the motion to withdraw the guilty plea was predicated on mr. Westbury's a belief that his counsel performed efficiently or advised him deficiently and he articulated that at the hearing on the motion to withdraw withdraw and I believe he probably articulated at the at the sentencing of course it wasn't relevant at that point why did your client wait over a hundred days before he brought his motion to withdraw his plea well according to his statements in the record it was because he was waiting for a an independent medical determination he had asked his previous attorney for several months for one and he did not move to withdraw until his second attorney actually obtained the the advice from dr. Stephen Fleming's so I would argue that this was the valid reason for failing to move to withdraw the plea earlier you know he is he's simply attempting to raise an issue at a time when he had the he had the evidence existed when he pled guilty and I mean what what what happened I don't see anything new happening other than he said well okay I pled guilty I've admitted all these facts now maybe at a second guess it and try to get a second opinion but I don't well all everything that was known to him at the time of his plea including his counsel's actions at that point and he also he told the sentencing judge or the district judge that he was satisfied with his counsel's representation right he did say that at one point I don't see what changed well what changed was he actually received the medical advice from his second attorney because eventually his first attorney did seek to withdraw and she was granted a motion to withdraw just having second thoughts about the plea I mean it's not it's not anything I mean defendants have second thoughts all the time but we don't normally let them withdraw I understand your honor would you like me to respond or I see my time at this yeah go ahead well my my only response would be yes generally we don't let people withdraw their plea after they've entered it anyway but when you know what I see here is a situation where we can it was raised appropriately at the with motion to withdraw hearing and instead of a 2255 motion for example and you know two years later or a year and a been established that's much later in line and things your point would be much more well taken however he did receive the medical testimony he changed horses he got a new attorney and that attorney did provide him with the information that he suspected was there to begin thank you thank you mr. Summers may please court good morning your honors my name is Blake Summers I represent the appellant Dion Taylor we're here on mr. Taylor's appeal from the judgment and sentence of the Eastern District of Kentucky we're requesting that the court vacate the sentence of the court below and remand for further proceedings could I please reserve two minutes for rebuttal sir we need to start the clock I'm happy to take as much time as the court thank you very much your honors this case presents two issues for the court's review both of which appear to be issues of first impression one is whether a 5k well first impression for this court one is whether a 5k 2.1 enhancement carries with it a requirement that there be proof that the death which occurred was either intended or knowingly risked and to whether a 5k 2.1 enhancement should be demonstrated by proof beyond a reasonable doubt rather than a mere preponderance in order to reconcile this court's holding in Redmond with proceedings under 5k 2.1 we're requesting that both of those questions be answered in the affirmative and that the case be sent back to the district court for further sentencing proceedings as to the first argument about the requirements of 5k 2.1 itself we're requesting that this court follow the analysis of the second the seventh third fifth and eleventh circuits that have all held in some form or fashion that whenever there is a 5k 2.1 departure it must be substantiated by proof that the death which occurred was either intended or knowingly risked in making so the reaction my reaction being from Ohio and seeing the scourge that fentanyl has has rot the I mean I'm wondering about where that fits with the intention or the recklessness what were the two intentional or it's either intended or knowingly risk knowingly risk okay what do we say about that everybody knows those drugs are killing people I think it lots of them excuse me I interrupted you but they are killing it's killing lots of people so let's talk about that it's a matter for proof it's sentencing and I understand what we all know in terms of common background knowledge in terms of things generally however 5k 2.1 should require that specific showing because if we don't we allow mere participation in a drug conspiracy to satisfy the knowing or intent elements of 5k 2.1 we get into a situation where the exception swallows the rule we're in a situation where every participation automatically results in a 5k didn't your client admit that he knew the drugs he was selling were quote killing people I don't believe the record is knowledge comes into play I know what you're talking about there's specific statements there's specific findings of the district court that say you knew this was killing people and you did it anyway for profit Taylor himself even says you know I I knew this was wrong I knew it was hurting people but the specific knowledge that it caused the death of Cory Brewer I don't believe the record actually speaks to whether he has that knowledge prior to or after the death of Cory Brewer if it's after the death of Cory Brewer and somebody dies I think certainly you're in a situation where the 5k 2.1 departure is a much stronger case because you have an antecedent death and then you have a subsequent one you always have to have risk before you have death right the risk and the knowledge of the death of course the death is after the selling of the drugs and the ingestion of the drugs right that is correct but I think in terms of a 5k 2.1 departure simple participation in the drug activities themselves can't be enough to satisfy the standard otherwise every single drug conspiracy 5 satisfied 5k 2.1 and that's not the intent of the manual that's not the intent of the guidelines generally that's not the intent of the specific provision it has the effect of kind of consolidating and almost rendering superfluous the different sections would deal with death under 21 USC 841 under 2d 1.1 under 5k 2.1 it takes all that material and combines it into one thing but that's not the point and that's not a woman's question is is very pertinent what exactly you know you're saying but what exactly did your client admit to well I can try to get that out of them my notes in the record felt like you kind of dodged that a little bit there no absolutely not we can embrace that a hundred percent so Taylor admits as follows he admits coming from Detroit to Kentucky for the purpose of selling drugs he admits that he did direct distribution before assuming a supervisory role he admits to receiving packages of heroin to knowing that some of the heroin is a mixture of heroin and fentanyl and that users were a mayor of aware of the mix because of the different taste he said all of these things and those are all in the record there's other findings from the court at time of the sentencing he says Taylor admitted that he knew the product was hurting people that it killed people it was known to tell her the injuries and death were resulting for the product it would be distributed your point is the court offered much of the the basis that would be required came by way of the court rather than admissions of your client that's your point I believe the plea agreement sets kind of one level of knowledge which is just kind of an idea that the activities are occurring I believe that Taylor's admissions set it up a little bit further but I think the real findings are from the district court but even with the district courts analysis in no way would tell her try to duck from that almost exactly matter that your client stood mute I don't believe it does because at least in term well as to which point procedurally procedurally or substantively in terms of his with the recklessness or the intent either of those which doesn't matter that your client stood mute when the district court laid it on that this is didn't you knew you knew you knew I think it's always the burden of the ponderance of the evidence and so I think he's entitled to stand if he wants to know I understand what the court say in terms of not raising this argument below we tried to bring that up in some of our reply brief citing to penny dock and the reasons why it would still be important to address this issue but I think some of the importance of the issues we're talking about the court is already hit upon you already brought it up you know we're talking about the most frequently prosecuted federal crimes in the United States drug trafficking or drug cases of those the vast majority nearly 90% involved trafficking and and you know we heard from the Supreme Court less than 10 years ago we're not a system of trials anymore we're a system of pleas and if we're a system of pleas we're a system of sentencing as well we have to be paying attention to those things those become the more important aspects of our practice this isn't an esoteric argument this is the day in day out of federal criminal practice and so when we're looking at issues about what do we require for a 5k 2.1 it's important that we determine whether there's knowledge or intent that's there and the vast majority of the circuits have addressed that have addressed it rather is has this issue preserved for appeal I think under penny dock yes that's a that's a shortcut around your specific question I don't believe that this particular issue is raised by we review for plain error excuse me we review for plain error I don't believe that plain error should be enforced in this particular case because I don't believe that waiver should be isn't it if you don't raise an issue in the district court it's forfeited on appeal and we can review forfeited issues for plain error but that's I think that's our standard of review so I always have to remember the way that the Sixth Circuit subdivides waiver and forfeiture because one of the waivers the intentional relinquishment of a known right well while forfeiture is the those are the definitions that should be used because those are the accurate definitions but I mean you agree that this issue is not preserved and okay your argument that we don't use plain error is what well I think I have to be candid with the court I mean this particular argument is not brought up at the district court by Taylor's trial counsel the penny dock doctrine which we cited in our reply brief my time's about to expire like oh please please thank you very much so penny dock stands for the principle that waiver is really more of a prudential issue and enforcing waiver is a prudential issue on appeal not a jurisdictional one and that where there are other reasons to excuse waiver where there are good reasons such as where doing so would serve an overarching purpose rather than just reaching the correct result for a litigant that the court is still free to apply apply the normal standard of review and here based on the reasons that Judge Cook brought up these are Taylor becomes an unintended beneficiary of a positive development in the law if it goes his way but the real issue is not Taylor the real issue becomes the law itself and what do we require at sentencing and in today's world sentencing issues especially in federal drug cases become paramount in terms of what we need to talk about and so to the extent that there's a problem below with this argument not being brought up at sentencing I think that this court can at least review for an abuse of discretion if not de novo because it's a legal issue these issues related to the standard and the burdens of proof for 5k 2.1 departures and with that briefly concluding your honor we would respectfully request that the sentence of the district court be vacated and that this matter be remanded for further proceedings thank you thank you may it please the court John grant for the United States first of all dealing with mr. Robinson's argument of course the court is correct that if it's a enhancement the jury has to find it but if it's guidelines as long as the guidelines are treated in an advisory nature by the district court and the court is free to make findings based on preponderance of evidence and that of course is set a law on the circuit his argument regarding restitution ignores this courts opinion Freeman which says with conspiracy counts the court looks to the plea agreement and the plea colloquy to determine the scope of the conspiracy mr. Robinson admitted in the plea agreement and the plea colloquy that he was part of the larger conspiracy which included the death so judge Reeves appropriately ordered rest why do you think the district court imposed restitution only on Robinson and not on Taylor and Westbury I don't know the answer to that to that question it's kind of odd and it is it is odd it could be based on the nature of the pleas and what they actually admitted to in the plea colloquy so I know that because Taylor did admit to count one which is a larger conspiracy and so did Westbury so it is odd but I think the record reveals anything about that it simply just didn't come up in the other in the other cases regarding Westbury's arguments both his argument attacking the judges denial of his motion to withdraw and his ineffective assistance counsel claim which are interwoven he presents his argument largely based on the testimony of himself which judge Reeves found was not credible so a lot of his allegations that he makes in his brief and allegations that his attorney made here from the lectern are based on what the judge specifically found was not credible he's he he then that Westbury attacks the district court's relating to finding that he was credible at the plea hearing but what he said at the plea hearing and what he said at the hearing on his motion of withdrawal were inconsistent so of course it was up to the judge listening to the testimony both at the plea hearing where he said he admitted that the drug that he distributed caused the death versus what he said at the motion to withdraw hearing which contradicted that and the judge naturally made a finding and found that his testimony at the latter hearing was not credible you know one of the bigger factors is the case of whether it's a proper to allow withdrawal of a plea Bashara case but you know the length of time it was over three months after he pled guilty before he moved to withdrawal but he says yeah but the reason for that was that the medical report you know didn't come out till after that does that excuse the delay well if the summary of the medical report is on the record in the record at page 687 in a footnote in the judges order denying the motion to withdraw and in that first of all that's an email the person was never subject to cross-examination and this is an expert Stephen Fleming it's an email from November 16th and it's basically just speculative it doesn't contradict the toxicology report he just says he could have had other drugs in his system he suggests that the presence of heroin in the urine could mean something but then he said that's kind of hard to use to determine the purpose of death and then he says well the blood you know it had the fentanyl in it and the toxicology report said it was two and a half times the lethal limit or whatever the therapeutic range and he said well that could be to due to post-mortem redistribution and the record doesn't indicate what that means so that that email is largely speculative and what what's interesting is is that when he entered his play he first came to enter his plea in June I think it was let's say it was June 24th 2016 and he's claimed that he really hadn't had enough time to review the plea agreement it had just been faxed to him the judge said okay we'll set the trial date off give you some more time to review this so on August 15th Westbury then reappeared in court pursuant to a motion to enter a guilty plea I didn't pay attention how far what's the time frame for the the adjournment it was from June 24th to August 15th so it was almost two months yes that he had to time to consider the plea and so at that point it was a standard proceeding he said he understood the consequences he was happy with this attorney he admitted that the qualification that he made was he said that he thought it was just heroin he didn't know that there was fentanyl in what he was distributing but his co-defendant mr. Taylor admitted to an agent and this is in the record relating to mr. Taylor's case that Westbury told Taylor we put fentanyl in it I added fentanyl to it and that's Taylor told the agent that so we're after the death that's not exactly clear when that happened a lot of these a lot of those details are not exactly clear in terms of precision of when these things happened and then so that was August 15th that he actually entered his plea on August 27th he moved to withdraw his plea and the court held a hearing and he indicated was really unhappy with his attorney and the judge said well do you want to withdraw your plea he said oh no no I don't want to withdraw my plea I just want a new attorney so I mean that would have been that the case to say hey you know what I when I said that I that I caused the you know that the drugs I distribute cause this death I'm not sure that's correct correct even though we had the toxicology report which says that I mean that was this time to do it and this court has said in other cases with much less delay is less is 75 days that even 75 days is too long that that factor alone this is 113 days would be sufficient for the district court to make the ruling of course the the court wrote a lengthy opinion analyzing all the factors and balancing the factors the court said that that there was no basis to withdraw the plea in this court of course reviews that for an abuse of discretion and I would suggest based on that level of review there would be no basis to overturn that but it is and also that you know the ineffective assistance of counsel of course to review that on direct appeal it's got to be obvious from the record and really it's it's it wouldn't be obvious from the record because what you have is you have a clear report toxicology report saying this is the cause of the death and then you've got this email where the the agent again was not cross-examined there's been no testimony from the lawyer in terms of the first lawyer who who was there when the guilty plea was entered and so really this you know he of course would be free to raise this and at 2255 but the records not developed at this point regarding mr. Taylor's arguments the most important thing to keep in mind is is that all of his arguments are subject to plain air review he did not raise any of these below as a matter of fact when the judge said that he was thinking about departing upward his lawyer did not contest the actual departure he just urged the court to keep in mind that his client had cooperated and that the judge you know please keep that in mind when you decide how much you want you will depart or whether you should depart that was his argument he didn't raise any of these other arguments about 5k 2.1 now that the law is clear that if there there is there are this this line of cases out there that said the judge should make this finding that the death was the defendant intended to cause the death or it was knowingly risked the guidelines interestingly just say that's a factor other circuits reject that and chain of events that ultimately led to the death that would be sufficient to depart upward based on 5k 2.1 this court however is silent on that matter has not ruled on the matter so under plain air review if there's a circuit splitter there's disagreements among the circuit there's no clear law in the Supreme Court no clear law in this court then of course there's no plain air because the defendant has the burden to show that the law is clear in other words judge totally missed he should have noticed this himself and said hey I can't do this because the law is clear in the Sixth Circuit in the Supreme Court it's not clear now the case that he cites it's a civil case about waiver of course judge Griffin as you said this is not waiver he didn't he didn't what he didn't although he urged the court to consider his cooperation he didn't affirmably say we're not challenging you know so it's so we don't argue that it was waived if he was waived he'd be completely barred from raising it but it is plain error and under plain air review he simply cannot cannot win his other argument is that we refute it relates to this Redmond case in which he says that under 2d 1.1 a to the Redmond court said that that relates to to apply that guideline you must show that the the person pled to the offense of conviction so that he would have had to have pled to the actual count which in this case you know it so that's what the court looked at that in terms of whether that guideline enhancement applies here when you're when you look at 2k 5k 2.1 it simply says whether death resulted it's not limited to the actual count that the person pled to and once again that's a plain air review he has no case to support his position that Redmond should be applied to a guideline that Redmond didn't apply it to in the Redmond case what about you what is your response to the argument that there's no insufficient evidence that they knowingly risk death I mean that this enhancement could apply to everybody who distributes well the judge actually that that's what's interesting even if even if the court had this court had ruled that it must be knowingly risk judge Reeves made findings that it was knowingly risk because he relies on the agent's testimony which is on page 1061 of the record where Taylor admitted that he knew that the drugs were killing people and so in the all the all the evidence was is that you know there was a clear structure to this organization Westbury at the top Taylor in the middle Robinson below that that's the that's where the drugs came came to a lady comes to meets with Robinson gets the drugs the two other people are out in the car she takes them she takes them the drugs and the other the guy goes and ODs on the drugs the toxic toxicology report is clear that it was fentanyl that killed him so there were there were the agents actually got phone records that corroborated this that the defendants made numerous admissions about their criminal liability it's all on the record so they really didn't contest those facts at the sentencing so I think judge Reeves found that even if you know even if this court would have required that knowingly risk element to get the upper departure judge risk judge Reeves actually found that or finding being an affirmative factual finding about it was knowingly risked and that was I mean counsel's argument is I didn't admit that and there was no evidence to support it but that you're are what you're telling us is it's there in a in an actual factual finding by judge Reed yes if they're not some based on agent testimony yes judge about this defendant yes if you look at page 27 right summarizes the judges finding the no further questions rebuttal gentlemen you first mr. Milner I have nothing further to add all right thank you thank you your honors in this case I'll just go back to something said in our brief when a defendant claims this is out of Lafleur v. Frye the Supreme Court case when the defendant claims his counsel's inaccurate advice caused him to accept a plea the defendant can show prejudice by demonstrating that the outcome of the plea process would have been different with competent advice and that's followed up with whether or not a defendant would be convicted at trial had that defense been raised is not a factor in determining prejudice and that's a 2017 case Lee versus United States 137 Supreme Court 1966 through 67 and in essence it says in accepting a plea a defendant has more to consider than the simply simple likelihood of success at trial so with respect to the ineffective assistance of counsel you know when you really just talk about counsel when we look and scrutinize the evidence that prompts the interest in withdrawing a plea it's the email that doesn't I mean forget that standard review for a moment if we just focus upon that what's that email offer for your defendant it's the speculation that the fellow or the decedent ingested other drugs nothing that those other drugs were were deleterious kinds of and and I would I would simply point out that the the toxicology report versus the email from dr. Fleming and that information it is arguably inconsistent I understand that there is fentanyl in both but there is an argument to be made that that you can't show it was the but for cause of his death when you compare dr. Fleming's opinion and with that we will rest oh we would ask that this court vacate the conviction and remain for further proceedings thank you thank you your honors please court your honors thank you again just a brief response to a few of the arguments raised by the United States in terms of forfeiture waiver this idea of civil case in terms of what standard of review this court would apply to the arguments about 5k 2.1 penny doc has been applied by this court in a criminal case which is u.s. versus Allison 462 f3rd 557 so it's not a doctrine that's specifically raised or reserved for civil cases although it comes out of one in terms of the timing I think the court has in your brief it is I think the court has hit upon an interesting issue in terms of what the for this court to determine judge Gilman you hit upon it just cook you hit upon it too in terms of what really gets put into the record about when Taylor allegedly had knowledge that these things were going to either at least for two 5k 2.1 result in death and I don't think it my reading is that the record is not particularly clear on the judge below does make a finding that a death occurred and that Taylor did it anyway but I don't know if that's a I think it the way I read it is a exacerbation of conduct because the conduct continued after the death but again that's that's for this court to adopt we're not reserved we're not ducking from that the court says it and Taylor makes of admissions I just don't think that they rise to the level of knowledge prior to finally and I've only got 39 seconds to about 20 pages of our brief so I'll make it real short in terms of the standard of a 5k 2.1 we're with 5k 5k 2.1 analysis and find that a 5k 2.1 has to be demonstrated by proof beyond a reasonable doubt just from a policy perspective which I think I can do in 17 minutes that's allows us to reconcile to potentially incongruent portions of the law and comply with the mandate from Booker that we have real sentencing based on real conduct and where we have the offensive conduct that's the exact same between a 2d 1.1 and a 5k 2.1 it makes sense to use the standard of proof so that the standard of proof at sentencing isn't based on what page you turn to in the manual so with that your honors I see my time has expired I appreciate the opportunity have a wonderful day all right thank you counsel everyone some of you are appointed counsel CJA and that's you mr. Milner thank you very much for your service to the court as is mr. Summers thank you very well done and all of you well done thank you all right the court appreciates it we will consider your case carefully and issue opinion in due course thank you and you may adjourn court please